```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
MEGAN MAGNO,
OBO NICHOLAS JOSEPH CAPELLO, II,
                                              ORDER
                 Plaintiff,
                                              21-cv-01863(KAM)
     -against-

COMMISSIONER OF SOCIAL SECURITY,

                 Defendant.
----------------------------------------X
```

**KIYO A. MATSUMOTO, United States District Judge:**

Presently before the Court is Plaintiff's motion for attorney fees. (*See* ECF No. 26.) For the reasons set forth below, Plaintiff's motion is **GRANTED**.

Upon a review of the parties' submissions regarding an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412, and Plaintiff's counsel's time records (ECF No. 26 -4, -5, -6) the Court finds: (1) that Plaintiff, having secured remand under sentence four of 42 U.S.C. § 405(g), is a prevailing party, *Shalala v. Schaefer*, 509 U.S. 292, 301-02 (1993); *see also Edwards ex rel. Edwards v. Barnhart,* 238 F. Supp. 2d 645, 649 (S.D.N.Y. 2003), and (2) that the Government has not argued, or carried its burden to prove, that its position was "substantially justified." *Healey v. Leavitt*, 485 F.3d 63, 67 (2d Cir. 2007). Furthermore, the Court finds that the requested amount of

$7,758.65 is consistent with the applicable statutory maximum hourly rates under EAJA, adjusted for increases in the cost of living.  Therefore, the Court ORDERS that Plaintiff is awarded $7,758.65 in attorney's fees pursuant to EAJA, to be paid directly to Plaintiff's attorney if Plaintiff has agreed to assign her rights to EAJA fees to her attorney and, provided that, Plaintiff owes no debt subject to offset under the Treasury Offset Program, $17.58 in expenses, and $402.00 in costs, as agreed to by the parties.  (*See* ECF No. 27.)

Furthermore, Plaintiff's counsel requests fees in the amount of $15,446.25 pursuant to 42 U.S.C. § 406(b), to be paid out of the past due benefits awarded to Plaintiff, based on § 406(b) and Plaintiff's contingency fee agreement.  As noted above, Plaintiff is being awarded $7,758.65 in attorney's fees, $17.58 in expenses, and $402.00 in costs; fees may be awarded under both EAJA and § 406(b) so long as counsel refunds the smaller amount to the plaintiff.  *See Gisbrecht v. Barnhart,* 535 U.S. 789, 796 (2002)

Courts consider the following factors in determining whether to approve the requested fee amount under 42 U.S.C. § 406(b): (1) whether the amount exceeds the statutory 25% cap; (2) whether there was fraud or overreaching in the making of the contingency fee agreement; and (3) whether the amount is a windfall to the attorney.  *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990).  Regarding a potential windfall, courts must consider (1) "the

ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do," (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level," (3) "the satisfaction of the disabled claimant," and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022).

Here, the current request is for 25% of plaintiff's past due benefits, as allowed by Section 406(b)(1)(A), and by the fee agreement between Plaintiff and counsel. Plaintiff's counsel's time records reflect that 32.4 attorney hours and 6.1 paralegal hours were expended on Plaintiff's appeal, for a de facto hourly attorney rate of $457.91 (subtracting $610 of paralegal time at $100 per hour from $15,446.25 and dividing by 32.4 hours). The record does not show any fraud or overreaching, and the Commissioner does not object to the reasonableness of the fee. Plaintiff's counsel is an experienced attorney who achieved a successful outcome for Plaintiff and advocated on behalf of Plaintiff over the course of several years. Although there is no submission from Plaintiff before the Court supporting or opposing counsel's request for fees, Plaintiff received a satisfactory

3

outcome in this case, despite some risk and uncertainty due to the years-long litigation.

Accordingly, the Court approves an award of fees in the amount of $15,446.25 pursuant to 42 U.S.C. § 406(b)(1), to be paid by the Commissioner out of Plaintiff's past-due benefits in accordance with agency policy.  Plaintiff's counsel shall refund the EAJA fee award to Plaintiff.

**SO ORDERED**

Dated:    October 25, 2023
          Brooklyn, New York

_____
**HON. KIYO A. MATSUMOTO**
United States District Judge
Eastern District of New York

4